# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00078-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ALLEN ROGER COBB, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 18].

On September 1, 2021, the Defendant was charged by way of a Criminal Complaint with traveling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). [Doc. 1]. That same day, Defendant's initial appearance was held, at which time the Magistrate Judge appointed counsel.

On September 22, 2021, the Defendant was charged in a Bill of Indictment with one count of attempting to employ, use, persuade, induce, entice, and coerce a person he believed to be a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such

conduct, all in violation of 18 U.S.C. §§ 2251(a) and 2251(e); and one count of knowingly traveling and attempting to travel for the purpose of engaging in any illicit sexual conduct, in violation of 18 U.S.C. §§ 2423(b) and 2426(a). [Doc. 9]. On September 24, 2021, Defendant's arraignment was held, at which time the Magistrate Judge calendared the case to the November 8, 2021 trial term. On October 27, 2021, the Court continued the case to its current setting during the January 3, 2022 trial term. [Doc. 15]. On December 17, 2021, the Government filed a plea agreement and a factual basis. [Docs. 16, 17].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 18]. Among other grounds, counsel states that the Defendant's removal from jail will increase the Defendant's risk of contracting COVID-19 due to multiple interactions with other individuals during transport and holding. [Id. at 1-2]. Counsel also states that removing the Defendant for an in-person Rule 11 Hearing would require that he spend approximately fourteen (14) days in quarantine or solitary confinement upon his return, as well as require his permanent removal from the dorm where he has been safely living. [Id. at 2]. In addition, counsel states that the Defendant is sixty-three (63) years old and has not been offered the benefit of a COVID-19 vaccine booster. [Id.]. Counsel for the

Defendant further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id. at 2-3].

While the Court has undertaken substantial actions to reduce the negative effects and dangers of COVID-19, in light of the public health considerations and remaining concerns regarding COVID-19, the Court still allows some portion of felony pleas under Rule 11 of the Federal Rules of Criminal Procedure to be conducted by means of videoconference, as described in this Court's Standings Orders, Case No. 3:20-mc-00048-MR.

Here, the unique circumstances of this case support conducting the Rule 11 Hearing in-person. The Defendant is charged with serious offenses that alone present the potential for a significant term of imprisonment, but such potential term of imprisonment is made even more significant by the Defendant's age. Conducting the Rule 11 Hearing in-person will allow the Magistrate Judge to handle the significance of the plea more readily without the potential for issues that occur when conducting such hearings *via* videoconference. While the Defendant may have not been offered the benefit of a vaccine booster, the implication is that the Defendant has received a COVID-19 vaccine. Further, the Court has undertaken substantial actions to reduce the negative effects and dangers of COVID-19. Therefore,

conducting the Defendant's Rule 11 Hearing in-person will not seriously jeopardize public health and safety.

Accordingly, for the reasons stated herein, and pursuant to the CARES Act and this Court's Standing Orders, Case No. 3:20-mc-00048-MR, the Defendant's motion will be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 18] is **DENIED.**

**IT IS SO ORDERED.**

Signed: December 22, 2021

Martin Reidinger
Chief United States District Judge